**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
(Orlando Division)

Case No.: _____

IVY CROWELL and
MICHAEL CROWELL

    Plaintiff,    Removed from Circuit Court
                    of Volusia County, Florida
v.    Case No: 2022 11384 CIDL

INDEPENDENT SPECIALTY
INSURANCE COMPANY,

    Defendant.
_____/

## NOTICE OF REMOVAL

COMES NOW Defendant Independent Specialty Insurance Company, by and through its undersigned counsel, and hereby gives notice, pursuant to 28 U.S.C. § 1441 *et seq.*, of the removal of this action from the Circuit Court of Volusia County, Florida, Case No.: 2022 11384 CIDL, to the United States District Court for the Middle District of Florida based on the following:

1. This matter is a first-party insurance breach of contract dispute involving a homeowners' insurance policy.

2. On or about October 31, 2022, Plaintiffs filed an Amended Complaint against Defendant in the Circuit Court of Volusia County, Florida. *See Plaintiffs' Amended Complaint, attached hereto as "Exhibit A."*

1

3. In their Amended Complaint, Plaintiffs do not specify the total dollar amount of damages, stating only "[t]his action is more than thirty thousand dollars ($30,000.00) exclusive of interest, attorney's fees, and costs." *See Exhibit A - Complaint* at ¶ 1.

4. In their Complaint, Plaintiffs alleged only that they were residents of the State of Florida, rather than alleging domicile in Florida or citizenship. *See Exhibit A,* at ¶ 2.

5. Defendant filed its Answer with Affirmative Defenses on November 28, 2022. *See Exhibit B – Defendant's Answer with Affirmative Defenses.*

6. Since the undersigned counsel knew the citizenship of Defendant and the amount in controversy, the remaining issue regarding diversity jurisdiction was the determination of Plaintiffs' citizenship.

7. In the exercise of due diligence, undersigned counsel reviewed the records of the Volusia County Property Appraiser, the official records of which are a public record of a governmental entity, of which the Court may take judicial notice. *See Exhibit C.*

8. The official records of the Volusia County Property Appraiser revealed the Plaintiffs have not applied for and received a homestead exemption for the property at issue, therefore, there is no affirmation that the property is their permanent residence.

9. Defendant issued Plaintiffs its Request for Admission for Federal Diversity Jurisdiction and Interrogatories on November 30, 2022.

10. Plaintiffs filed their responses to Defendant's Request for Admission for Federal Diversity Jurisdiction and Interrogatories on January 5, 2023. *See Exhibit D.*

11. Plaintiffs' responses to Defendant's Request for Admission for Federal Diversity Jurisdiction and Interrogatories indicate they are domiciled in Florida, and their claim for damages concerns an amount in controversy in excess of $75,000.00, exclusive of interests and costs. *Id.*

12. Defendant is a Texas corporation having its principal place of business in Bedford, Texas. *See "Exhibit E," its Foreign Corporation Annual Report.*

13. 28 U.S.C. § 1332(a)(1) provides the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

14. 28 U.S.C. § 1332(c)(1) provides in pertinent part a corporation shall be deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business.

15. 28 U.S.C. § 1441(a) provides in pertinent part any civil action brought in a state court of which the district courts of the United States have original

jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending.

16. Based on the foregoing, this matter is subject to the original jurisdiction of the Court under 28 U.S.C. § 1332, and this case may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446(3).

17. This Notice of Removal is being filed within thirty (30) days of service of Plaintiffs' Responses to Defendant's Request for Admission for Federal Diversity Jurisdiction received on January 5, 2023.

18. A complete copy of all process, pleadings and orders in the Circuit Court of Volusia County, Florida in Case No.: 2022 11384 CIDL, as required by 28 U.S.C. § 1446(a) is attached hereto as *Exhibit F- Index of Record.*

19. In compliance with 28 U.S.C. § 1446(a), counsel for Defendant has also provided a written Notice of Removal to the Circuit Court of Volusia County, Florida, a copy of which is attached to this Notice of Removal as *Exhibit G.*

WHEREFORE, Defendant Independent Specialty Insurance Company respectfully requests that the above-captioned lawsuit be removed to the United States District Court of the Middle District of Florida.

Date: February 1, 2023                Respectfully submitted,

By:  /s/ *Robert L. Williams Jr.*
Robert Williams Jr., Esq. (Fla. Bar No.1002894)

4

ROLFES HENRY CO., LPA
3191 Maguire Boulevard, Suite 160
Orlando, FL 32803
Tel: (407) 284-4990
T:  (407) 284-4990
E:  rwilliams@rolfeshenry.com
E:  bberrio@rolfeshenry.com
E:  bhenry@rolfeshenry.com
E:  kdeglman@rolfeshenry.com

*Attorneys for Defendant*
*Independent Specialty Insurance Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been served via e-mail on counsel for all parties at the email addresses below or has been served by automatic service by the Court's e-filing system, on this 1st day of February 2023:

Michael Ciocchetti, Esq.
Michael Ciocchetti, PLCC
125 North Ridgewood Avenue, Suite 100
Daytona Beach, FL 32114
P: 386-317-7777
E: Efiling@floridainslaw.com
E: crystal@floridainslaw.com

*Attorneys for Plaintiff*

/s/ Robert L. Williams Jr.
Robert L. Williams Jr.
